IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| *In re:* | ) | C/A No.: 2:26-1864-BHH-TER |
| | ) | |
| Miranda A. Mitchum, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| David Hayes, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter arises out of the petition for voluntary relief under Chapter 13 of the Bankruptcy Code by Miranda A. Mitchum ("Debtor" or "Plaintiff") in the United States Bankruptcy Court for the District of South Carolina ("the Bankruptcy Court") styled as *In re: Miranda Mitchum, Bankruptcy Case No. 26-1317-jd* ("Bankruptcy Case" or "BR Case"). The case was assigned to the Honorable L. Jefferson Davis, United States Bankruptcy Judge ("BR Judge"). James M. Wyman was the Debtor's Chapter 13 Trustee ("Trustee").

In a June 17, 2026 filing, Defendant reported the following background:[1]

> The underlying dispute arises from a Residential Lease with Option to Purchase and subsequent Installment Contract of Sale entered into by the parties in 2018 and 2022, respectively,

[1] The undersigned presents this background to provide context, but has not independently verified all of the facts in this recitation, as they are not necessary for the undersigned's analysis, which is based on failure to prosecute.

> concerning property located at 630 Levee Drive, Moncks Corner, Berkeley County, South Carolina. Plaintiff ceased making payments under the contract in September 2023. Following proper notice of default and an opportunity to cure, Defendant commenced a civil action in the Berkeley County Court of Common Pleas, styled *David Hayes and Brooks A. Hayes v. Miranda Mitchum*, 2024-CP-08-3108.
>
> On September 29, 2025, the Berkeley County Court of Common Pleas entered an Order granting summary judgment in favor of Defendant in full. The State Court Judgment: (a) terminated the Installment Contract; (b) barred Plaintiff from any right, title, interest, or equity of redemption in the property; (c) entered a monetary judgment against Plaintiff in the amount of $25,622.40 through September 5, 2025, with amounts continuing to accrue; and (d) directed the Berkeley County Sheriff to eject Plaintiff from the property. Plaintiff filed a notice of appeal to the South Carolina Court of Appeals and thereafter filed a Chapter 13 petition in this Court.
>
> Plaintiff filed the adversary proceeding on March 27, 2026, followed by a First Amended Adversary Complaint on April 6, 2026.

[ECF No. 10 at 2]. On May 7, 2026, this matter was transmitted to this court and filed as a Motion to Withdraw Reference of Debtor's bankruptcy case pursuant to 28 U.S.C. § 157 and Fed. R. Bankr. P. 5011. [ECF No. 1].

On August 5, 2026, Defendant filed a motion to dismiss the motion to withdraw as moot. [ECF No. 12]. The motion states "On June 30, 2026, the United States Bankruptcy Court for the District of South Carolina entered an Order Dismissing Case on Motion of Debtor in the underlying Chapter 13 case, *In re Miranda Ann Mitchum*, Case No. 26-01317-jd, dismissing the case pursuant to 11 U.S.C. § 1307(b) on Ms. Mitchum's own motion." *Id.* A copy of the Bankruptcy Court's order is attached to the motion to dismiss. *Id.* at 12-1.

As Plaintiff is proceeding pro se and out of an abundance of caution, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her of the importance of the motion and of the need for her to file an adequate response by September 8, 2026. [ECF No. 13]. Plaintiff was specifically advised that if she failed to respond adequately, the motion may be granted.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to Defendant's motion. As such, it appears to the court that she does not oppose the motion and wishes to abandon this case. Based on the foregoing, the undersigned recommends this case be dismissed for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

s/ Thomas E. Rogers III
Thomas E. Rogers III
United States Magistrate Judge

October 1, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).